UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RANDY BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1-11cv15 SNLJ |
| ) | |
| AMERICAN HERITAGE LIFE ) | |
| INSURANCE COMPANY, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This is an action brought by plaintiff under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq. ("ERISA"), and against defendants American Heritage Life Insurance Company and Disability Management Services Inc., to recover benefits he claims are due to him under an employee welfare benefit plan and an employee insurance program.

Typically, review of ERISA cases is limited to evidence that was before the administrator. *Jones v. ReliaStar Life Ins. Co.*, 615 F.3d 941, 945 (8th Cir. 2010). Here, plaintiff has filed a Motion for Limited Discovery (#13), seeking to depose two physicians and propound limited written discovery to defendants. The defendants have objected.

Plaintiff argues that the Court reviews his case before the administrator *de novo*, and that, as a result, the Court has discretion to introduce evidence or to make additional findings of fact. Defendants contend that, even were this case subject to *de novo* review, plaintiff cannot show good cause for the Court's expanding its review outside the administrative record.

"[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). In order to obtain a standard of review that gives deference to the Plan Administrator under ERISA, the Plan documents must contain "explicit discretion-granting language." *McKeehan v. Cigna Life Ins. Co.*, 344 F.3d 789, 793 (8th Cir. 2003). Here, plaintiff claims that the policy at issue does not contain any explicit discretion-granting language, and thus plaintiff contends that the standard of review is *de novo*. Defendants state that they do not concede the *de novo* review standard, but, apparently for the purposes of this motion, they do not seriously argue otherwise. Defendants cite to no language in the plan documents that "explicitly" grant them discretion. The Court will therefore proceed on this motion as if the review is *de novo*. *See Zalkin v. Coventry Health Care of Neb., Inc.*, No. 8:09-cv-96, 2010 WL 1052263, *5 (D. Neb. Mar. 19, 2010) (noting that defendant plan administrator bears the burden of showing that the plan gives it discretionary authority) (citing *Boldon v. Humana Ins. Co.*, 466 F. Supp. 2d 1199, 1208 (D. Ariz. 2006)).

"When the *de novo* standard of review applies, a district court has more discretion to allow the parties to introduce evidence in addition to that submitted to the plan decision-maker." *Id.* Although admitting additional evidence is discouraged, the district court may do so if the plaintiff shows good cause. *Brown v. Seitz Foods, Inc., Disability Ben. Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998)  The administrative record here contains, as plaintiff says, "an enormous number of medical records from numerous specialists." However, plaintiff contends that he has "good cause" to depose two physicians and propound limited written discovery on the defendants. First, plaintiff seeks to depose his own treating neurologist, Dr. Sherrill Loring. Dr.

2

Loring states that plaintiff suffers from Multiple Sclerosis and that he is permanently and totally disabled and unable to work.  Second, plaintiff seeks to depose Dr. James Appelbaum, the doctor hired by defendants' vendor to write a report regarding plaintiff's medical condition; Dr. Appelbaum concluded that plaintiff has no physical problems and that his own restriction is the ability to climb a ladder.

Plaintiff argues that these circumstances — where the insurance company's reviewer comes to a conclusion opposite that of claimant's treating physician — discovery is necessary and allowable to fully understand the discrepancy as well as the complex medical questions at issue.  Plaintiff also states that its need for depositions is particularly justified here because defendants led plaintiff to believe that Dr. Appelbaum would consult with Dr. Loring during the administrative appeal process.  However, such a consultation did not occur despite defendants' representation that evidence of such a consultation would be considered on review and included in the administrative record did not materialize.  The Eighth Circuit held in *Harden v. American Express Financial Corp.*, 384 F.3d 498, 499-500 (8th Cir. 2004) that a "serious procedural irregularity" resulted where a plan administrator led the claimant to believe certain medical records were being considered when they were not.  The Court therefore concludes that plaintiff has shown good cause for deposing both physicians in order to complete the record plaintiff reasonably expected in the first place.

Plaintiff requests leave to propound limited written discovery requests on defendants for the purpose of ascertaining the relationship between the two defendants.  There is some confusion over which of the defendants is the plan administrator.  In their response memorandum, defendants offer to "submit an affidavit or in some other manner further explain the relationship between" the two defendants.  The Court will allow plaintiff to propound limited

3

written discovery requests on defendants for the sole purpose of ascertaining the relationship between the two defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Limited Discovery (#13) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall be permitted to depose Dr. Sherill Loring and Dr. James Appelbaum.

**IT IS FURTHER ORDERED** that plaintiff shall be permitted to propound limited written discovery requests on defendants, no later than 30 days from the date of this Order, for the sole purpose of ascertaining the relationship between the two defendants.

**IT IS FINALLY ORDERED** that the discovery permitted by this Order shall be completed no later than 90 days from the date of this Order.

Dated this   3rd   day of November, 2011.

_____
UNITED STATES DISTRICT JUDGE